**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

K.M., individually and
on behalf of E.L., a minor,

    Plaintiffs,

v.                                    **Case No.: 3:25-cv-01604-MCR-ZCB**

SANTA ROSA COUNTY SCHOOL
BOARD,

    Defendant.

_____/

## SANTA ROSA COUNTY SCHOOL BOARD'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, **SANTA ROSA COUNTY SCHOOL BOARD** ("Board" or "SRCSB"), by and through its undersigned counsel, hereby answers Plaintiffs' Amended Complaint [Doc. 2] in correspondingly numbered paragraphs as follows:

### PARTIES

1.    SRCSB admits that upon information and belief, K.M. resides in Santa Rosa County, Florida and is the natural parent of E.L.

2.    SRCSB admits that E.L. is a child with a disability who is a student within the Santa Rosa School District. SRCSB admits that E.L. resides in Santa Rosa County.

3.    SRCSB admits the allegations in ¶3.

4.    SRCSB admits the allegations in ¶4.

5.    SRCSB admits the allegations in ¶5.

## JURISDICTION AND VENUE

6.    SRCSB denies that it violated K.M., R.L., and E.L.'s civil rights. SRCSB admits the remaining allegations in ¶6.

7.    SRCSB admits the allegations in ¶7.

## GENERAL ALLEGATIONS

8.    SRCSB denies the allegations in ¶8.

9.    SRCSB admits the allegations in ¶9

10.    SRCSB admits that E.L. is now 15 years old and that he is a student with disabilities. SCRSB admits that E.L. has an IEP with the primary exceptionality of Autism Spectrum Disorder, that E.L. has been diagnosed with ADHD, and that he receives language therapy. The impact of the student's disabilities on his academic and social/emotional performance in school is contained in the present level statements in the operative IEP. SCRSB denies any allegations not expressly admitted herein.

11.    SRCSB admits that E.L. was found eligible for exceptional student education (ESE) services on May 5, 2022, and remains eligible to date. Otherwise, denied.

12.    SRCSB denies the allegations in ¶12.

13.    SRCSB denies the allegation that only "now" does E.L. have an IEP that provides him with a FAPE. Otherwise, SRCSB admits the allegations in ¶13.

14.    SRCSB denies the allegations in ¶14.

15.    SRCSB denies the allegations in ¶15.

16.    SRCSB is without knowledge as to the identity of the individual referenced in ¶16 and therefore denied. Otherwise, denied.

17.    SRCSB admits generally that the IDEA imposes a "child find" obligation on public schools, but denies any implication or insinuation in ¶17 that SRCSB failed to exercise its "child find" obligation with respect to E.L.

18.    SRCSB denies the allegations in ¶18.

19.    SRCSB denies the allegations in ¶19.

20.    SRCSB denies the allegations in ¶20.

21.    SRCSB is without knowledge as to the allegations in ¶21, therefore denied.

22.    SRCSB admits the allegations in ¶22.

23.    SRCSB denies the allegations in ¶23.

24.    The written documents referenced in Paragraph 24 are not attached to the Complaint and, therefore, the allegations are denied. SRCSB admits that E.L.'s parent requested an evaluation in 2018, otherwise denied.

25.    SRCSB is without knowledge to the allegations in ¶25, otherwise denied.

26.    SRCSB denies the allegations in ¶26.

27.    SRCSB denies the allegations in ¶27 as well as the characterization of the IDEA and Section 504 contained in ¶27.

28.    SRCSB admits that E.L. received a Section 504 Plan during his enrollment with SRCSB but denies that it was "inadequate."

29.    Without knowledge as to what statements the mother made at the alleged meeting and therefore denied. The remainder of ¶29 is denied.

30.    SRCSB admits that E.L. was diagnosed with Autism Spectrum Disorder (ASD), otherwise the allegations in ¶30 are denied.

31.    SRCSB admits the allegations in ¶31.

32.     SRCSB denies the allegations in ¶32.

33.    SRCSB denies the allegations in ¶33.

34.    SRCSB denies the allegations in ¶34.

35.    SRCSB denies the allegation sin ¶35.

36.    SRCSB denies the allegations in ¶36.

37.    Admitted that E.L.'s parent verbally represented to SRCSB's personnel that E.L. was subjected to a Baker Act. Without knowledge as to other psychiatric hospitalizations and therefore denied.

38. Admitted that E.L. was found eligible under the IDEA on May 5, 2022. The remainder of ¶38 is denied.

39. SRCSB is without knowledge concerning the allegations in ¶39, therefore denied.

40. SRCSB denies the allegations in ¶40.

41. The Section 504 Plans are written documents that speak for themselves.

42. SRCSB admits the allegations in ¶42.

43. SRCSB admits that E.L.'s Section 504 Plan was inadvertently marked as "draft" in the District's Student Information system and therefore there was a brief delay in transmission of the Section 504 Plan to his teachers. The Section 504 Plan was ultimately distributed and implemented during sixth grade. The remainder of this paragraph is denied.

44. SRCSB denies the allegations in ¶44.

45. As with many allegations in this Complaint, the allegations refer to an entity, here the "middle school," as having taken actions or made statements, but fails to allege the identities of individuals who allegedly made statements the Plaintiff claims to be false. SRCSB denies the allegations in ¶45.

46. SRCSB denies the allegations in ¶46.

47. SRCSB denies ¶47 as alleged and rather admits that E.L. was disciplined for rude and discourteous actions towards peers, including providing

information about one student to another student without permission. Nothing in the IDEA prevents a public school district from disciplining students with disabilities for violations of the applicable code of student conduct.

48. Admitted only that in March of 2022, E.L.'s schedule was changed due to conduct in class. SRCSB denies the remainder of ¶48.

49. These allegations do not make sense. Therefore, SRCSB denies the allegations in ¶49.

50. SRCSB admits that SRCSB obtained consent for an evaluation on February 7, 2022, and that E.L.'s family was notified of the applicable 60-day timeline. All other allegations are denied.

51. SRCSB admits that E.L.'s parent signed a consent form for the evaluation on February 7, 2022. All other allegations are denied.

52. SRCSB denies the allegations in ¶52.

53. SRCSB admits that a psychoeducational evaluation and language assessment was conducted, otherwise denied.

54. SRCSB admits that an eligibility meeting was held on May 5, 2022, and that E.L. was found eligible under the IDEA and provided an IEP.

55. SRCSB admits that an IEP was implemented for E.L., otherwise the allegations in ¶55 are denied.

56.    SRCSB admits that E.L's parent provided various private provider documents during his schooling. Denied that SRCSB failed to take the documents or feedback into consideration. The written documents referenced in Paragraph 56 speak for themselves. Moreover, SRCSB submits that it thoroughly addressed private provider information during IEP team meetings.

57.    SRCSB denies the allegations in ¶57.

58.    SRCSB denies the allegations in ¶58 as alleged.

59.    SRCSB admits that at an IEP team meeting on October 12, 2022, SRCSB agreed to provide an IEE for OT, PT, and psychoeducational evaluations. All other allegations in this paragraph are denied.

60.    SRCSB is without knowledge as to whether E.L.'s parents hired an advocate, therefore denied. Otherwise, SRCSB denies the allegations in ¶60 as framed.

61.    SRCSB denies the allegations in ¶61.

62.    SRCSB admits that an IEP meeting was held in May 2023. Otherwise, SRCSB denies the allegations in ¶62.

63.    Admitted that SRCSB agreed to provide a psychoeducational IEE to be performed by Dr. Hagerott. Denied that SRCSB agreed to provide a neuropsychological IEE. Admitted that an OT IEE was completed on or about

August 9, 2023. The evaluations referenced in ¶63 are written documents that speak for themselves.

64. SRCSB admits that a facilitated IEP meeting was held on or around August 22, 2023. Denied that Ms. Anderson made disparaging or untrue statements. Admitted that the meeting ended with a draft IEP after E.L.'s parents left the meeting

65. SRCSB denies the allegations in ¶65.

66. All the documents referenced in paragraph 66 are in writing and speak for themselves. Denied as to all other allegations

67. SRCSB denies the allegations in ¶67.

68. SRCSB denies the allegations in ¶68.

69. Denied as alleged but admitted that E.L. was not in a Unique Skills class in seventh grade; instead, E.L. was placed in a Coding class in place of a Unique Skills class at the request of E.L.'s parent. E.L.'s parent refused to place E.L. in a Unique Skills class. As a result, the ESE teacher went into the Coding class to work with E.L. throughout the year. SRCSB denies the remaining allegations in ¶69.

70. All the documents referenced in paragraph 70 are in writing and speak for themselves and any characterization in these allegations that are inconsistent with the documents are denied. Denied as to all other allegations.

71.    SRCSB admits that E.L. represented that he needed to go to the restroom, left the classroom to go to the restroom, and then left campus without permission. Otherwise, ¶71 is denied.

72.    SRCSB admits that E.L. represented that he needed to go to the restroom, left the classroom to go to the restroom, and then left campus without permission.  Admitted that another student reported E.L. missing and stated he was afraid E.L. would hurt himself. Otherwise, ¶72 is denied.

73.    SRCSB is without knowledge as to the allegations in ¶73, therefore denied.

74.    SRCSB denies the allegations in ¶74, as framed.

75.    SRCSB is without knowledge as to the allegations in ¶75, therefore denied.

76.    Upon information and belief, E.L. was located more than four hours from the time he left campus. Otherwise, SRCSB is without knowledge as to the allegations in ¶76, therefore denied.

77.    SRCSB is without knowledge as to the allegations in ¶77, therefore denied.

78.    SRCSB is without knowledge as to what law enforcement informed E.L.'s parents, therefore denied.

79.    SRCSB is without knowledge as to the allegations in ¶79, therefore denied.

80.    SRCSB is without knowledge as to the allegations in ¶80, therefore denied.

81.    SRCSB is without knowledge as to what law enforcement informed E.L.'s parents, therefore denied. However, SRCSB admits that E.L. was Baker Acted by law enforcement.

82.    SRCSB is without knowledge as to the allegations in ¶82, therefore denied.

83.    SRCSB admits the allegations in ¶83.

84.    SRCSB is without knowledge as to the allegations in ¶84, therefore denied.

85.    SRCSB is without knowledge as to Plaintiffs' concerns with E.L. returning to school, therefore denied. SRCSB denies the remaining allegations in ¶85.

86.    SRCSB is without knowledge as to the allegations in ¶86, therefore denied.

87.    SRCSB denies the allegations in ¶87, therefore denied.

88.     These allegations constitute speculation about something that may have occurred. SRCSB denies these speculative allegations. SRCSB further denies that SRCSB engaged in deliberate indifference toward E.L. at any time.

89.     SRCSB admits that E.L. has returned to school. SRCSB is without knowledge as to E.L.'s family's concerns, therefore denied. The remaining allegations in ¶89 are denied.

90.     SRCSB denies the allegations in ¶90.

91.     SRCSB admits that E.L. had an IEP for the 2024-2025 school year that conferred a FAPE on E.L. SRCSB denies the allegation that "for the first time [E.L.] had a successful school experience."

92.     SRCSB denies the allegations in ¶92.

93.     SRCSB denies the allegations in ¶93.

94.     SRCSB denies the allegations in ¶94.

95.     SRCSB denies the allegations in ¶95.

96.     SRCSB denies the allegations in ¶96.

97.     SRCSB denies the allegations in ¶97.

98.     SRCSB is without knowledge as to the arrangement between Plaintiffs and their attorney, and therefore, denies this allegation. Defendant denies it should be made to pay Plaintiffs' attorneys' fees or that Plaintiff is entitled to relief whatsoever.

## COUNT I: SECTION 504 OF THE REHABILITATION ACT OF 1973
### 29U.S.C. § 794(a)

99.    SRCSB incorporates paragraphs 1-98 as though fully set forth herein.

100.    SRCSB admits that E.L. is a child with a disability entitled to protections under Section 504 of the Rehabilitation Act.

101.    SRCSB admits the allegations in ¶ 101.

102.    SRCSB admits the allegations in ¶ 102.

103.    SRCSB denies the allegations in ¶ 103.

104.    The regulation cited in ¶104 speaks for itself.

105.    SRCSB admits the allegations in ¶ 105.

106.    SRCSB denies the allegations in ¶ 106.

107.    SRCSB denies the allegations in ¶ 107.

108.    SRCSB denies the allegations in ¶ 108.

109.    SRCSB denies the allegations in ¶ 109.

110.    SRCSB denies the allegations in ¶ 110.

In response to the "WHEREFORE" clause set forth on pages 27-28 of the Amended Complaint, Defendant denies that Plaintiff is entitled to any of the relief requested therein or any relief whatsoever.

## COUNT II: CIVIL RIGHTS-PROCEDURAL DUE PROCESS

111.-116. Defendant has moved to dismiss the allegations set forth in this Count; therefore, Defendant is not required to respond.

## COUNT III: NEGLIGENT SUPERVISION

117.- 125. Defendant has moved to dismiss the allegations set forth in this Count; therefore, Defendant is not required to respond.

## COUNT IV INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

126.-128.Defendant has moved to dismiss the allegations set forth in this Count; therefore, Defendant is not required to respond.

## JURY DEMAND

Defendant demands a trial by jury on all issues which are so triable.

## AFFIRMATIVE DEFENSES

1.      SRCSB affirmatively asserts that the Amended Complaint fails to state claims upon which relief can be granted as to Count I. With respect to Count I the standards for determining liability under the ADA and the Rehabilitation Act are identical. *J.S., III by & through J.S. Jr. v. Houston Cnty. Bd. of Educ.*, 877 F.3d 979, 985 (11th Cir. 2017). A cause of action under Section 504 requires that a plaintiff allege (1) he is disabled, (2) he is a qualified individual, and (3) he was subjected to unlawful discrimination because of his disability. *Meisenhelder v. Fla. Coastal Sch. of Law, Inc.*, 3:09-CV-0074- HES-TEM, 2010 WL 2028089, at *3 (M.D. Fla. Feb. 19, 2010), aff'd, 395 Fed. App'x. 669 (11th Cir. 2010). All actions and inactions were in furtherance of providing E.L. FAPE. These actions were taken for legitimate,

13

nondiscriminatory reasons. Likewise, Plaintiffs cannot establish that E.L. was subjected to discrimination solely because of his disability.

2.    SRCSB asserts that E.L. is barred from asserting claims relating to any acts or omissions that occurred before the expiration of the applicable statutes of limitations under the IDEA and Section 504. To the extent E.L. seeks relief for acts or omissions that occurred prior to expiration of the statute of limitations periods, those claims should be dismissed.

3.    SRCSB affirmatively asserts that it should not be liable to pay any claim or judgment in connection with this matter in an amount which exceeds the limits established in F.S. § 768.28 and its applicable law.

4.    SRCSB affirmatively asserts that at all times material hereto, it adequately trained and supervised its employees regarding the rights of students.

5.    SRCSB affirmatively alleges and avers that no State or Federal rights of the Plaintiffs have been infringed or violated by SRCSB.

6.    SRCSB affirmatively asserts that to the extent certain insurance and/or other collateral sources have been paid or are payable to Plaintiff E.L. or on his behalf in the past, present or the future in connection with the damages allegedly sustained as a result of the incidents which are the subject of the Amended Complaint, SRCSB is entitled to have these benefits entered into evidence and is

further entitled to set off in the amount of all said benefits from any verdict or judgment which may be rendered in favor of Plaintiffs.

7.      SRCSB affirmatively asserts that Plaintiffs' alleged damages of denial of educational benefits and progress, educational setbacks, pain and suffering, mental and emotional harm, emotional distress, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life, are too speculative to ascertain and, consequently, Plaintiffs are barred from recovering under these claims.

8.      SRCSB affirmatively asserts that to the extent the conduct alleged by Plaintiffs is not intentional or willful but is merely negligent, the School Board is entitled to sovereign immunity.

9.      SRCSB affirmatively asserts that Plaintiffs are not entitled to recover any damages for emotional distress against SRCSB under Section 504 as those damages are not available under those statutes. *A.W. by & Through J.W. v. Coweta Cnty. Sch. Dist.*, 110 F.4th 1309 (11th Cir. 2024), cert. *denied sub nom. A. W., by & through J. W. v. Coweta Cnty. Sch. Sys.*, 145 S. Ct. 1058 (2025)

10.     SRCSB affirmatively asserts that to the extent sovereign immunity has not been waived for any claims made by Plaintiffs against it, Plaintiffs are barred from pursuing such claims or obtaining relief.

11.     SRCSB affirmatively alleges and asserts that Plaintiffs have failed to exhaust administrative remedies.

12.     SRCSB affirmatively alleges that it did not adopt, approve, or condone any custom, policy or practice that would constitute deliberate indifference to any protected rights of Plaintiffs.

13.     SRCSB affirmatively alleges and asserts that Plaintiffs have failed to satisfy all conditions precedent to maintenance of this action.

14.     SRCSB affirmatively alleges and asserts that the damages demands of Plaintiffs are speculative.

15.     SRCSB affirmatively alleges that any actions taken by SRCSB with respect to Plaintiffs were taken for legitimate, non-discriminatory, and non-retaliatory reasons.

16.     SRCSB affirmatively alleges that Plaintiffs had and continue to have a duty to mitigate damages.

17.     SRCSB reserves the right to amend its affirmative defenses in the event additional information becomes known.

Dated this 13th day of November 2025.

Respectfully submitted,

/s/ Laiken M. Cowley
**LAIKEN M. COWLEY**
Florida Bar Number:  1059489
lcowley@sniffenlaw.com
**TERRY J. HARMON**
Florida Bar Number: 0029001
Email: tharmon@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Attorneys for Defendant*

## WORD COUNT CERTIFICATION

This document complies with word limits set forth in N.D. Fla. Local Rule 7.1(F), and contains 2,836 words, which includes the headings, footnotes, and quotations, but does not include the case style, signature block or Certificates of Word Count and Service.

/s/ Laiken M. Cowley
**LAIKEN M. COWLEY**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 13th day of November 2025 a true and correct copy of the foregoing was electronically filed with the U.S. District Court, Northern District of Florida, using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Laiken M. Cowley
**LAIKEN M. COWLEY**

17